[No. 6134. Decided June 9, 1906.]

THE STATE OF WASHINGTON, *on the Relation of Henry Harris et al., Plaintiff,* v. THE SUPERIOR COURT FOR THURSTON COUNTY, *et al., Respondents.*[1]

EMINENT DOMAIN—PUBLIC USE—ELECTRIC POWER FOR STREET RAILWAY AND PUBLIC LIGHTING IN CONNECTION WITH COMMERCIAL SALE. A light and power company operating a street railway system and public lighting plant, is not entitled to exercise the right of eminent domain to secure electric power to sell to the public, generally and without discrimination, in addition to its electric light and street railway system, since such use is not a public use.

Certiorari to review an order of the superior court for Thurston county, Linn, J., entered March 22, 1906, in favor of the petitioner, adjudging a public use and directing the assessment of damages by a jury in a condemnation proceeding. Reversed.

*James M. Ashton* and *Vance & Mitchell,* for relators, contended, among other things, that if a private use is combined with a public use in such a way that the two cannot be separated, the whole act of taking is invalid. Lewis, Eminent Domain, § 206; *Attorney General v. Eau Claire,* 37 Wis. 400; *Sadler v. Langham,* 34 Ala. 311. Under the circumstances existing here, the company has no right to condemn the property. *State ex rel. Tacoma Ind. Co. v. White River*

[1]Reported in 85 Pac. 666.

*Power Co.,* 39 Wash. 648, 82 Pac. 150; *Healy Lumber Co.
v. Morris,* 33 Wash. 490, 74 Pac. 681; *Avery v. Vermont
Elec. Co.,* 75 Vt. 235, 54 Atl. 179, 98 Am. St. 818, 59
L. R. A. 817; *In re Rhode Island etc. R. Co.,* 22 R. I. 457,
48 Atl. 591, 52 L. R. A. 879; *State ex rel. Attorney General.
v. Superior Court,* 36 Wash. 381, 78 Pac. 1011; *Matter of
Water Com'rs of Amsterdam,* 96 N. Y. 351; *Pittsburg etc.
R. Co. v. Benwood Iron-Works,* 31 W. Va. 710, 8 S. E. 453,
2 L. R. A. 680; *Miami Coal Co. v. Wigton,* 19 Ohio St. 560.

*T. N. Allen* and *Troy & Falknor,* for respondent, among
other things, to the point of the statutory right of eminent
domain, cited: Laws 1903, pp. 362, 366; *State ex rel. Ta-
coma Ind. Co. v. White River Power Co.,* 39 Wash. 648, 82
Pac. 150. Necessity is a legislative question. 1 Lewis, Emi-
nent Domain (2d ed.), §§ 162, 237, 238; *Charleston Natural
Gas Co. v. Lowe,* 52 W. Va. 662, 44 S. E. 410; *Bloodgood
v. Mohawk etc. R. Co.,* 18 Wend. 13; *Gilmer v. Lime Point,*
18 Cal. 229, 252; *Moseley v. York Shore Water Co.,* 94 Me.
83, 46 Atl. 809; *Concord R. Co. v. Greely,* 17 N. H. 47;
*Petition of Mt. Washington Road Co.,* 35 N. H. 134; *Talbot
v. Hudson,* 16 Gray 417; 18 Cen. Digest, Eminent Domain,
§§ 147-160. The respondent company will subserve a public
use, and has the right of eminent domain, in (1) operating
an electric railway: *People v. Kerr,* 27 N. Y. 188; *Id.* 20
How. Prac. 130; *Id.* 25 How. Prac. 258; *Id.* 37 Barb. 357;
*Toledo Elec. St. R. Co. v. Toledo Consol. St. R. Co.,* 11
Ohio Dec. 365, 26 Weekly Law Bulletin 172; *Ogden City
R. Co. v. Ogden City,* 7 Utah 207, 26 Pac. 288; 18 Century
Digest, c. 812, § 66; *Aurora etc. R. Co. v. Harvey,* 178 Ill.
477, 53 N. E. 331; *Chicago etc. R. Co. v. Chicago etc. R. Co.,*
211 Ill. 352, 71 N. E. 1017; (2) furnishing electricity for
lighting purposes. *Brown v. Gerald* (Me.), 61 Atl. 785;
*Hollister v. State,* 9 Idaho 8, 71 Pac. 541; *Varner v. Martin,*
21 W. Va. 534; *Tacoma Ind. Co. v. White River Power Co.,
supra; Fork Ridge etc. Ass'n v. Redd,* 33 W. Va. 262, 10

S. E. 405; Lewis, Eminent Domain, §§ 165, 173; *Snell v. Clinton Elec. Light etc. Co.,* 196 Ill. 626, 63 N. E. 1082, 89 Am. St. 341, 58 L. R. A. 284; *Griffin v. Goldsboro Water Co.,* 122 N. C. 206, 30 S. E. 319, 41 L. R. A. 240; *Cincinnati etc. R. Co. v. Bowling Green,* 57 Ohio St. 336, 49 N. E. 121; *Owensboro Gaslight Co. v. Hildebrand,* 19 Ky. Law 983, 42 S. W. 351; *Fallsburg Power etc. Co. v. Alexander,* 101 Va. 98, 43 S. E. 194, 99 Am. St. 855; *Munn v. Illinois,* 94 U. S. 113, 24 L. Ed. 77; *Budd v. New York,* 143 U. S. 517, 12 Sup. Ct. 468, 36 L. Ed. 247; *Brass v. North Dakota ex rel. Stoeser,* 153 U. S. 391, 14 Sup. Ct. 857, 38 L. Ed. 757; (3) supplying electric heat and power: *Rockingham County Light etc. Co. v. Hobbs,* 72 N. H. 531, 58 Atl. 46, 66 L. R. A. 581; *Opinion of Justices,* 182 Mass. 605, 66 N. E. 25; *Id.,* 150 Mass. 592, 24 N. E. 1084, 8 L. R. A. 487; *Lumbard v. Stearns,* 4 Cush. 60; *State etc. Co. v. American etc. News Co.,* 43 N. J. L. 381; *Great Falls Mfg. Co. v. Fernald,* 47 N. H. 444; 17 Am. & Eng. Ency. Law (2d ed.), 909. See, also, *Denver Power etc. Co. v. Denver etc. R. Co.,* 30 Colo. 204, 69 Pac. 568; *Hazen v. Essex Co.,* 12 Cush. 475; *Scudder v. Trenton Delaware Falls Co.,* 1 N. J. Eq. 695, 23 Am. Dec. 756. A private use incidentally included will not defeat the right to condemn for public purposes. 10 Am. & Eng. Ency. Law (2d ed.), 1065; Cooley, Constitutional Law (5th ed.), p. 674; *Lake Koen etc. Irr. Co. v. Klein,* 63 Kan. 484, 65 Pac. 684; *Bridal Veil Lum. Co. v. Johnson,* 30 Ore. 205, 46 Pac. 790, 60 Am. St. 818; *In re Niagara Falls etc. R. Co.,* 108 N. Y. 375, 15 N. E. 429; *Berrien Springs Water Power Co. v. Berrien Circuit Judge,* 133 Mich. 48, 94 N. W. 379, 103 Am. St. 438; *Ryerson v. Brown,* 35 Mich. 332, 24 Am. Rep. 564; *Board of Health v. Van Hoesen,* 87 Mich. 533, 49 N. W. 894, 14 L. R. A. 114; *Toledo etc. R. Co. v. East Saginaw etc. R. Co.,* 72 Mich. 227, 40 N. W. 436; *South Chicago R. Co. v. Dix,* 109 Ill. 237, 243. If the land is necessary to the carrying out of the

purposes of the corporation it is within the purview of the condemnation statute, whether adjacent or not. 1 Lewis, Eminent Domain, § 170; *Rockingham County Light etc. Co. v. Hobbs, supra; Prescott Irr. Co. v. Flathers,* 20 Wash. 454, 55 Pac. 635; *Bell v. Lamborn,* 18 Colo. 346, 20 L. R. A. 241. A reasonable necessity is shown for all the land sought to be condemned. *Samish River Boom Co. v. Union Boom Co.,* 32 Wash. 586, 73 Pac. 670; *Mobile etc. R. Co. v. Alabama etc. R. Co.,* 87 Ala. 501, 6 South. 404; *Seattle etc. R. Co. v. Bellingham Bay etc. R. Co.,* and *Butte etc. R. Co. v. Montana etc. R. Co., supra; Postal Tel. Cable Co. v. Oregon Short Line R. Co.,* 23 Utah 474, 65 Pac. 735, 90 Am. St. 705; *New Central Coal Co. v. George's Creek Coal & Iron Co.,* 37 Md. 537; *Saginaw etc. R. Co. v. Bordner,* 108 Mich. 236, 66 N. W. 62; *Olmsted v. Proprietors of Morris Acqueduct,* 46 N. J. L. 495; 18 Century Digest, Eminent Domain, § 157; 10 Am. & Eng. Ency. Law (2d ed.), 157, 158, 1057.

DUNBAR, J.—Respondent, a domestic corporation, with its principal place of business at Olympia, filed its notice and petition in the superior court of Thurston county, Washington, for the condemnation and appropriation of certain real property situate in Thurston county, Washington, belonging to the relators. The respondent is a light and power company, and under certain charter provisions is empowered to furnish light to the cities of Olympia and Tumwater, and to run electric cars in and between the cities of Olympia and Tumwater for hire. The electricity which is used by the company is generated by water power from water which flows down the Des Chutes river. It is alleged in the petition that there is not sufficient water to furnish power for the company to carry out the provisions of its charter in furnishing electricity to the cities of Olympia and Tumwater, and in operating their electric cars, and for the purpose of furnishing such power as it has been furnishing at reasonable and uniform rates to the public generally.

The petition, among other things, is as follows: That your petitioner has not been, nor does it intend to engage in any other corporate purposes except as herein set out, except it admits it has been engaged in furnishing electric power at reasonable and uniform rates to the public generally and without discrimination between persons substantially similarly situated, and is bound to continue to so furnish electrical power to the general public at reasonable and uniform prices and without discrimination between persons substantially similarly situated. The testimony in the case is also to the effect that the condemnation is sought for the purpose of obtaining additional power, not only for use in operating the light plant and the electric car system, but for the purpose of selling power to the different manufactories, and for different purposes. So that the question presented is whether or not the furnishing of power outside of the power necessary to operate its electric cars and lighting system is a public use. This question was raised by the pleadings and the court found that such use was a public use, that the respondent had the right and power to condemn, that there was a necessity for the condemnation, and ordered the question of the compensation to be paid the relator to be submitted for the determination of a jury. This proceeding was brought to review that order.

The land sought to be condemned was land which would be overflowed by raising a dam in the Des Chutes river creating a reservoir for the purpose of storing the waters of the Des Chutes river and using the same in times of low water. We held in the *State ex rel. Harlan v. Centralia-Chehalis Elec. R. etc. Co., ante* p. 632, 85 Pac. 344, that the operation of an electric car was a public use, and the right of condemnation existed for the purpose of obtaining power necessary for the prosecution of such business. It is, also, we think, without question now admitted that the furnishing of electric lights to a municipality is a public use which warrants condemnation of private property. In the case last

mentioned it was said that, if a private use is combined with a public one in such a way that the two cannot be separated, then unquestionably the right of eminent domain could not be invoked to aid the enterprise. And many cases were cited to the effect that the statute authorizing the condemnation of property for uses a part of which only are of a public nature, is in violation of the rule that private property cannot be taken for private use, and hence cannot be enforced. And that the courts are not confined to, and it is not to be tested exclusively by, the description of those objects and purposes as set forth in the articles of association, but evidence *aliunde,* showing the actual business proposed to be conducted, may be considered. And in that case, where under the articles of incorporation the company was entitled to engage in private enterprises, it was held that, inasmuch as the application to condemn was made for a public use only—namely, to obtain power to prosecute the business of running electric cars—the right to condemn would not be withheld.

In this case it will be observed that, under both the application and the proof, the power of condemnation was sought for the purpose of obtaining power to furnish to other enterprises in addition to the charter uses of the respondent. And while this question was not directly decided in the case last referred to, it has been, it seems to us, directly decided adversely to respondent's contention by this court in *State ex rel. Tacoma Industrial Co. v. White River Power Co.,* 39 Wash 648, 82 Pac. 150, where it was held that the right of eminent domain cannot be exercised in favor of an electric light and power corporation organized for the purpose of diverting water for power purposes for the generation of electricity to be sold commercially to manufactories, railways, and cities, in the absence of statutory regulation and guarantees of the public use and enjoyment of the property; since the same is not a public service corporation, and the use is not a public use. In this case, of course, the respondent is only a public service corporation for the purpose of furnishing light and operating

cars as above mentioned; and evidently is not a public service corporation for the purpose of engaging in the business which the White River Power Company was engaged in, and in the exercise of which it was held not to be a public service corporation, and therefore it is seeking to take private property for a private use in violation of section 16, art. 1, of the state constitution.

In the *White River Power Co.* case, many decisions were cited to sustain the doctrine that such uses as we are discussing were not public uses, and it was there said that, "The question is not a new one in this court. It was fully considered, in relation to another statute, in the case of *Healy Lumber Co. v. Morris,* 33 Wash. 490, 74 Pac. 681, 99 Am. St. 964;" and citations from Lewis, Eminent Domain, and many other cases were cited to sustain the doctrine announced in the *Healy Lumber Co.* case, in which case we decided that the public use authorizing the exercise of the right of eminent domain contemplated by the constitution is not synonymous with public benefit, and a use for private enterprises does not authorize the exercise of the right however much public policy demands it, or whatever the public benefit therefrom may be, but it must be a use by the public or by some agency that is *quasi* public. And the authorities *pro* and *con* on this question were set out at length in that case.

In view of the elaborate discussion and multifarious authorities cited in the two cases just mentioned, we do not deem it necessary to again go into a discussion of the question on its merits, but refer to those cases, and the case of *Brown v. Gerald* (Me.), 61 Atl. 785, an exhaustive and instructive case, where the authorities are marshaled and the conclusion reached that manufacturing, generating, selling, distributing and supplying electricity for power for manufacturing or mechanical purposes, is not a public use for which private property may be taken against the will of the owner; that a public use such as justifies the taking of private property against the will of the owner cannot rest

merely upon public benefit, or public interest, or great public utility.    In the course of the opinion in that case, it was said:

"We think that the ultimate use of the power is an important consideration. If that use is essentially a private use, in a private business, will it become a public use by merely multiplying the number of persons who may have occasion to use the power ? If it would not be a public use to supply power for one mill, would it be such to supply for two mills, or for six, or for twelve ? We think not. In each individual case, it would be supplying the power for a private use. If the state cannot take the property of one and give the use of it to another for private use, can it give the use to that other, in order that in the form of electric power he may distribute the use to a dozen others for their private business purposes ? We think not. There is no underlying necessity or peculiarity in the business of distributing electric power which requires any such enlargement of the power of eminent domain.    There seems to be such a necessity in the cases of all the *quasi* public corporations which we have mentioned. Railroads and telegraph, telephone, and water companies cannot be built and maintained by individuals for their several use, each one for himself.    There is an 'impossibility,' to use Judge Cooley's words, 'of making provisions for them otherwise' than through the power of eminent domain.    But every man can, if he wishes, have a mechanical power of his own, either steam, or water, or electric.    He can serve himself, without the intervention of the state.    Not so conveniently or advantageously, perhaps, as it would be to be served by others.    But mere convenience and advantage in private business must yield to the property rights of citizens sacredly guarded by the constitution."

It must be admitted that many things are considered a public use now that were not so considered a half or even a quarter of a century ago, and it may be, and it is probable, that in the not distant future many things which are now considered a private use, by the changing conditions and evolution of business, will of necessity become a public use, but until such change is made manifest private property must be protected from condemnation in that behalf.

The judgment of the lower court will be reversed, but the respondent if it desires may amend its complaint asking for condemnation of land sufficient for the purposes which we have indicated were of public use, and the proof must be confined to the necessity of such use.

MOUNT, C. J., ROOT, CROW, RUDKIN, FULLERTON, and HADLEY, JJ., concur.