[No. 7247.  Decided July 9, 1908.]

THE STATE OF WASHINGTON, *on the Relation of Tolt Power & Transportation Company, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY *et al., Respondents.*[1]

EMINENT DOMAIN—PARTIES ENTITLED—PUBLIC PURPOSES—POWER FOR COMMERCIAL USES.  Laws 1907, p. 349, authorizing public service corporations to condemn property for commercial purposes, as a mere incident to their business as public service corporations, does not authorize a condemnation by a private corporation for the purposes of generating power for commercial purposes.

SAME—PRIVATE CORPORATIONS—OFFER TO SERVE PUBLIC.  A corporation engaged in a business essentially private, viz., the establishment of a power plant for generating power to be sold for a profit, cannot by an offer to serve the public and submit to legislative control, convert itself into a public service corporation so as to acquire the right of eminent domain conferred on public service corporations by Laws 1907, p. 349.

[1]Reported in 96 Pac. 519.

Certiorari to review an order of the superior court for King county, Griffin, J., entered February 8, 1908, upon sustaining a demurrer to the petition, dismissing a condemnation proceeding. Affirmed.

*Chas. D. Fullen,* for relator.

*John A. Shackleford,* for respondents.

RUDKIN, J.—The Tolt Power & Transportation Company is a corporation organized under the laws of this state, and is authorized by its articles of incorporation to develop, adapt, and utilize the water power of Tolt river, and all rivers and streams and bodies of water in this state, for commercial purposes, and to construct, operate and maintain a plant or plants for the electrical transmission of heat, light and power, from the source or sources of such power to all cities, towns, and places economically accessible, etc. As such corporation it instituted this proceeding in the court below to condemn and appropriate private property to be used in the development of water power for the purposes specified in its charter or articles of incorporation. A motion to dismiss in the nature of a demurrer was interposed to the petition, and the order sustaining the motion and dismissing the proceeding is now before us for review.

The relator frankly concedes at the outset that the principal questions involved in this proceeding are controlled by the decisions in *State ex rel. Tacoma Industrial Co. v. White River Power Co.,* 39 Wash. 648, 82 Pac. 150, 2 L. R. A. (N. S.) 842, and *State ex rel. Harris v. Superior Court,* 42 Wash. 660, 85 Pac. 666, 5 L. R. A. (N. S.) 672, and we are asked to overrule these cases. The conclusions there announced, however, were only reached after extended argument and full consideration and we must at this time decline to either review or reconsider the questions there decided.

We will therefore confine ourselves to a discussion of the new questions presented by the record in this case. Our

attention is first called to the act of March 13, 1907, Laws 1907, p. 349. That act by its terms only applies to corporations authorized to condemn property under the present laws of the state, for the purpose of generating and transferring electrical power for the operation of railroads or railways, or for municipal lighting, and authorizes such corporations to sell electric light outside the limits of municipalities, and electric power both inside and outside of such limits, to private consumers, from the electricity generated and transmitted for public purposes and not needed by them therefor. It will thus be seen that this act only authorizes public service corporations to condemn property for uses which this court has heretofore held to be private, as a mere incident to their business as public service corporations. It is manifest that the relator does not bring itself within the provisions of this act. Our attention is also directed to the following paragraph contained in the petition for condemnation:

"That said corporation has undertaken to, and agrees to undertake, and has and will assume and undertake to the state of Washington, and to the inhabitants thereof, all the duties and obligations of a public service corporation, and has so provided in its articles of incorporation, and now states and represents to the court that its purpose in developing said water power is to sell and dispose of all the electrical horse power which it, the said petitioner, may develop by virtue of the acquisition of water power privileges and sites to the general public, to the full extent of the power which it may secure, and that the petitioner does not intend, and it is not its purpose, to appropriate or use any power so developed for any private purposes of its own, and the said corporation by its articles of incorporation has, and it does now submit to all the duties, obligations and control which by law are, or may be, imposed upon like public service corporations. That your petitioner intends to sell under public restriction to individuals and public and private corporations such power as it may develop for the purpose of supplying factories, cities and public and private enterprises of every kind, the power which it intends to develop, at a reasonable profit to the petitioner."

This paragraph would become material if the petitioner was proceeding under the act of 1907 and was authorized to proceed thereunder, but as we have seen it is not so authorized, and a corporation engaged in a business essentially private cannot convert itself into a public service corporation, or acquire the powers vested in such corporations by a mere offer to serve the public and submit to legislative control. The matter contained in this paragraph will be found in substance in the petition considered by this court in *State ex rel. Harris v. Superior Court, supra.*

Finding no error in the record, the judgment is affirmed.

HADLEY, C. J., CROW, FULLERTON, and DUNBAR, JJ., concur.

MOUNT and ROOT, JJ., took no part.