[No. 16585.  *En Banc.*  April 5, 1922.]

THE STATE OF WASHINGTON, *on the Relation of Andrew Andersen et al., Plaintiff,* v. THE SUPERIOR COURT FOR LINCOLN COUNTY, *Joseph Sessions, Judge, Respondent.*[1]

CONSTITUTIONAL LAW (15, 25)—LEGISLATIVE POWERS—DECLARING PUBLIC USE. The declaration of Const., art. 21, that the use of waters of the state for irrigation, mining and manufacturing purposes shall be deemed a public use is not exclusive and does not preclude the legislature from declaring other purposes to be public uses.

CONSTITUTIONAL LAW (26)—EMINENT DOMAIN (11)—LEGISLATIVE POWERS—ENCROACHMENT ON JUDICIARY—DECLARING PUBLIC USE. The provision in Const., art. 1, § 16, that in the condemnation of private property, whether the contemplated use be really public shall be a judicial question, does not preclude the legislature from declaring in the first instance that a purpose is a public one.

EMINENT DOMAIN (13, 20)—PARTICULAR USE—WATER SUPPLY—DOMESTIC PURPOSES. Where the use of water for domestic purposes is the foundation of an agricultural enterprise, and absolutely necessary to carry on a large farm in the semi-arid section, it is a public use and within Rem. Comp. Stat., § 7354, authorizing the condemnation of water for any "beneficial use."

SAME (13, 20)—SUPERIOR NECESSITY. Where the owner has never made any use of small springs, a use for domestic purposes necessary to run a large farm is superior to the owner's use to irrigate an area of less than one acre.

SAME (13, 20). The use of waters not subject to appropriation may nevertheless be condemned for a public use.

PARKER, C. J., FULLERTON, TOLMAN, and BRIDGES, JJ., dissent.

[1]Reported in 205 Pac. 1051.

Certiorari to review a judgment of the superior court for Lincoln county, Sessions, J., entered May 31, 1921, adjudging a public use and necessity in condemnation proceedings. Affirmed.

*C. M. N. Love* and *Oscar Cain,* for petitioners.

*Louis A. Dyar,* for respondent.

*The Attorney General* and *Fred J. Cunningham, Assistant, amici curiae.*

HOVEY, J.—Certiorari to review an order of necessity made in an eminent domain proceeding, wherein A. S. Campbell seeks to condemn a portion of the supply of water from springs located upon land now belonging to the petitioners, together with the right of way for a pipe line for the carrying of such water. The use of the water alleged is for household, stock and irrigation purposes.

The land is situated in Lincoln county, Washington, in the semi-arid portion of this state, the land of petitioners having upon it springs which are not the source of any stream supply and of which no use has heretofore been made except by plaintiff in this action. The lands of the plaintiff do not have upon them any supply of water, but the plaintiff has successfully farmed a considerable area by dry farming, and for thirty years has obtained his supply of water for domestic and stock purposes through a pipe line to a portion of the springs upon the lands of the petitioners, through which he has been using from three to four gallons a minute. This right has heretofore been exercised by virtue of a lease made by a former owner of the premises with Campbell, but the lease has now expired and the petitioner has refused to renew the privilege. It also appears that the overflow of this supply is used by Campbell in irrigating a small orchard. It is also

established by the evidence that this supply of water is the only one available for this enterprise, and that without it the plaintiff will have to abandon his property as he can no longer live there. The petitioners in this proceeding and their predecessors have never made any use of this water, but petitioners now assert they propose to use it for irrigation.

The case is one of first impression before this court, and the *Attorney General* has filed a brief *amicus curiae* on behalf of the state.

The petitioners make three contentions: (1) That § 4 of ch. 117, p. 448, of the Laws of 1917 is unconstitutional; (2) that the use sought to be obtained is not a public use; (3) that title to the land upon which the springs are situated was initiated by the predecessors in interest of the petitioners prior to the admission of the state of Washington into the Union, and that therefore the rights of petitioners in the property are superior to the provisions of the constitution.

The first and second contentions naturally subject themselves to a common discussion. The law under which this action is brought contains the following, being § 4, ch. 117, p. 448, Laws of 1917:

"The beneficial use of water is hereby declared to be a public use, and any person may exercise the right of eminent domain to acquire any property or rights now or hereafter existing when found necessary for the storage of water for, or the application of water to, any beneficial use, including the right to enlarge existing structures employed for the public purposes mentioned in this act and use the same in common with the former owner, and including the right and power to condemn an inferior use of water for a superior use. In condemnation proceedings the court shall determine what use will be for the greatest public benefit, and that use shall be deemed a superior one: *Provided,* That no property right in water or the use of water

shall be acquired hereunder by condemnation for irrigation purposes, which shall deprive any person of such quantity of water as may be reasonably necessary for the irrigation of his land then under irrigation to the full extent of the soil, by the most economical method of artificial irrigation applicable to such land according to the usual methods of artificial irrigation employed in the vicinity where such land is situated. In any case, the court shall determine what is the most economical method of irrigation.   Such property or rights shall be acquired in the manner provided by law for the taking of private property for public use by private corporations.''   [Rem. Comp. Stat., § 7354.]

The relevant provisions of our constitution are:

''The use of the waters of this state for irrigation, mining, and manufacturing purposes shall be deemed a public use.''   Const., art. 21.

''Private property shall not be taken for private use, except for private ways of necessity.   .   .   Whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be really public shall be a judicial question, and determined as such, without regard to any legislative assertion that the use is public.''   Const., art. 1, § 16.

It is contended by the petitioners that, inasmuch as the primary use intended in this action is for domestic purposes, the same is excluded by implication by the use of the words ''irrigation, mining and manufacturing.''   This argument overlooks the fact that the state has sovereign powers except where restricted by the terms of the constitution. *State ex rel. Mountain Timber Co. v. Superior Court,* 77 Wash. 585, 137 Pac. 994.   The declaration used unquestionably makes those purposes public purposes, but it does not preclude the state, through its legislature, from declaring other purposes to be also public in their nature, subject, of

course, to the duty of the court to pass upon the question independently of such declaration.

It is also contended that the provision that the question of its being a public purpose shall be a judicial question precludes the legislature from so declaring. We do not so construe the section. The legislature can declare in the first instance that the purpose is a public one, and it remains the duty of the court to disregard such assertion if the court finds it to be unfounded.

It is true that this proceeding cannot be upheld unless the purpose sought can be said to be a public purpose, and in considering this question we have to review a number of decisions from this court. In *Healy Lumber Co. v. Morris,* 33 Wash. 490, 74 Pac. 681, 99 Am. St. 964, 63 L. R. A. 820; *State ex rel. Tacoma Industrial Co. v. White River Power Co.,* 39 Wash. 648, 82 Pac. 150, 4 Ann. Cas. 987, 2 L. R. A. (N. S.) 842; and *State ex rel. Harris v. Superior Court,* 42 Wash. 660, 85 Pac. 666, 7 Ann. Cas. 748, 5 L. R. A. (N. S.) 672, we held that incidental benefits to be derived by the public from the establishment of a private enterprise could not be considered as sufficient to make the intended use a public one. These were not cases, however, where the thing desired could not be obtained elsewhere. In the arid and semi-arid portions of this state water is life itself. The supplies are limited and generally cannot be duplicated. This court recognized the distinction in the case of *State ex rel. Tacoma Industrial Co. v. White River Power Co., supra,* where Judge Rudkin says: ''There is, however, a vast difference between the use of water for manufacturing and for irrigation. In the latter case, there is no choice of means or location. The necessity is an absolute one, if the land is to be reclaimed at all.'' The court there

makes use of the term irrigation, but the same reason-ing applies to the use of water for domestic purposes when the domestic purpose desired is the foundation of an agricultural enterprise.

This court, in *State ex rel. Galbraith v. Superior Court,* 59 Wash. 621, 110 Pac. 429, 140 Am. St. 893, has pointed out, on pages 627 and 631, the importance to the state of agricultural enterprises and the essential nature of water in their development in the arid por-tions of the state; and, as is also shown on page 631 of that case, the fact that the enterprise involved the holdings of only one man does not make it any the less an enterprise of benefit to the public.

Contention is made that condemnation in this case would justify taking a well from one man and giving it to another, but we do not think this follows. The water supply in this case is not created by artificial means, it is a natural one, greatly in excess of the needs of its present owner, and one of which no use has ever been made by the owners of the land where it is situated, and the supply is of such permanence and quantity when so used as to meet what is a public use in the section of our state where it is situated.

It appears from the testimony that no use of this water has been heretofore made by its owners, so the court is free to pass upon the question of superior use without consideration of the exception in favor of a present use by the owner for irrigation. When we con-sider the question of superior use, we think that there can be no question but that the use of this small quan-tity of water where it will result in the successful cul-tivation of a whole farm is superior to its use in the actual irrigation of an area of less than an acre, which is all it could mean to its present owners.

On the third point raised, it seems to us that, when lands of the United States become a part of the domain

of this state, they are subject to its laws unless there is some reserved right or privilege, and none appears in this case. Granting that these waters are not subject to appropriation, they may still be subject to condemnation. *State ex rel. Kettle Falls Power etc. Co. v. Superior Court*, 46 Wash. 500, 90 Pac. 650.

The order under review is affirmed.

HOLCOMB, MITCHELL, MAIN, and MACKINTOSH, JJ., concur.

PARKER, C. J. (dissenting)—As I read the record in this case, it means that Campbell seeks to acquire the water in question primarily for household and stock-raising purposes. It may be that he anticipates using a very small portion of the water for irrigation, but it seems plain that he is not seeking to acquire the water, and would not seek to acquire it, for any such purpose, except for the fact that he needs it for household and stock-raising purposes. If this were an attempt to acquire this water by virtue of the power of eminent domain for irrigation purposes, I would have no difficulty in concurring in the foregoing opinion and resting my concurrence upon the provision of Art. XXI of our constitution providing that "the use of the waters of this state for irrigation . . . shall be deemed a public use." Since the use of water for irrigation is thus by express constitutional provision made a public use, the question of that use of water being a public use is excepted from the judicial question of public use. But we have in this case, as I view it, only the question of whether the use of water for household and stock-raising purposes, by a private individual who will have no public service obligations with reference thereto, is a public or private use. I cannot escape the conclusion that it is purely a private use, since it is not one of those uses expressly declared

by our constitution to be a public use.  I think no decision can be found holding such a use to be a public use, in the absence of statute on the subject; and our legislature does not have the power to enact any statute taking from the courts the question of public use; as is plainly shown by the concluding sentence of § 16, Art. 1, of our constitution, quoted in the foregoing opinion.

As to the attempt of Campbell to acquire a right of way for a pipe line to carry the water which he seeks to acquire, I would concede that, were he now the owner of the water he seeks to acquire, or had he the power to acquire the water by virtue of the power of eminent domain, he would then probably have also the right to so acquire a right of way for the carrying of water to his place, upon the theory that such a right of way would then become a "private way of necessity." But since he does not possess the water, and, in my judgment, does not possess the right to acquire the water by virtue of the power of eminent domain, there is no necessity for acquiring the right of way to carry it to his place.  For these briefly expressed reasons, I dissent from the conclusion reached by my brethren in the majority opinion.

FULLERTON, TOLMAN, and BRIDGES, JJ., concur with PARKER, C. J.