[No. 20718.    Department One.    April 14, 1928.]

THE STATE OF WASHINGTON, *on the Relation of Mark Gibson et al., Plaintiffs,* v. THE SUPERIOR COURT FOR CLALLAM COUNTY, *Respondent.*[1]

[1] EMINENT DOMAIN (20, 21)—PARTICULAR USE—WATER SUPPLY FOR DOMESTIC AND IRRIGATION PURPOSES. The condemnation of a right of way to convey water for domestic purposes is authorized by Const., Art. 1, § 16, expressly excepting the same from the prohibition against taking private property for private use, and by Rem. Comp. Stat., § 7354, declaring the beneficial use of water to be a public use.

[2] SAME (123)—PROCEEDINGS TO TAKE PROPERTY—EVIDENCE AS TO RIGHT. The granting of a permit for irrigation by the supervisor of hydraulics tends to support the conclusion of the court that the land was capable of irrigation.

[3] SAME (92)—PERSONS ENTITLED—LEASED PROPERTY. In condemnation of a right of way for an irrigation ditch, the fact that a hunting club leasing a part of the premises possesses no right of eminent domain is of no consequence.

Certiorari to review a judgment of the superior court for Clallam county, Ralston, J., entered June 20, 1927, adjudging a public use and necessity in condemnation proceedings. Affirmed.

*Wm. J. Conniff,* for relators.

*Henry W. Parrott* and *Trumbull, Severyns & Trumbull,* for respondent.

[1] Reported in 266 Pac. 198.

PARKER, J.—The relators Gibson and others, by this certiorari proceeding, seek review and reversal of an adjudication of public use and necessity rendered by the superior court for Clallam county, awarding to David Burrowes, A. DeZemed and others the right to acquire by condemnation a right of way for a water pipe line to convey water, to which they have a right, across land of relator Gibson in that county to their lands.

The lands in question all lie in section 20, township 30 N., R. 3 W., W. M. Gibson owns the north sixty acres of the west half of the northwest quarter of the section; the other relators, we may assume, have some interest therein, though that seems to be of no moment in our present inquiry. Burrowes owns lot 1, being a fractional part of the northwest quarter of the northeast quarter of the section. DeZemed owns lot 3, being a fractional part of the southwest quarter of the northwest quarter of the section. Others who join in seeking the condemnation have some interest in lots 1 and 3, subject to and under the ownership of Burrowes or DeZemed. A tide flat lagoon, covered with salt water at high tide, occupies a considerable portion of the east half of the northwest quarter of the section. Bell creek flows easterly across Gibson's land, then a very short distance further across DeZemed's land, into the lagoon. Burrowes' land has no fresh water upon it, and is almost surrounded by salt water. DeZemed's land has no fresh water upon it, other than a spring furnishing a quantity of fresh water so limited as to be insufficient for any practical purpose. The portion of the creek flowing the short distance across his land does not furnish him any fresh water supply thereon, by reason of the salt water tide coming into it there.

Burrowes, DeZemed, and others having some interest in their lands, sought and were awarded, by the

adjudication of public use and necessity here in question, the right to acquire by condemnation a right of way for a distance of approximately 850 feet across Gibson's land, in and along the bottom of the creek, for a pipe line to convey water of the creek from a point therein approximately that distance west of Gibson's east line, for domestic and irrigation use upon their lands. They have acquired the right to take and divert from that point on the creek one cubic foot of water per second; this by permit duly issued to them by the state supervisor of hydraulics. So, their condemnation proceeding here on review is in no sense a seeking to acquire any water rights, but is alone a seeking to acquire the right of way in question. Their purpose in acquiring this water right and the right of diversion at that point, was to enable them, by reason of the elevation of that point, to convey the water to their lands by gravity, that being the lowest point on the creek furnishing sufficient head to cause the water to efficiently reach their lands by gravity. In addition to the permit granting to Burrowes, DeZemed and their associates this water right for domestic and irrigation purposes, they were also therein granted the right for propagation of game and game fish.

[1] It is contended in behalf of relators that this water right permit for the propagation of game and game fish is not such a use as will support this claimed right of condemnation, in a private person. It seems to us that it is not necessary to decide that question in this case, since this is also the seeking of a right of way along which to convey water for domestic and irrigation purposes. Those particular uses, it seems to us, are enough to support the acquiring of this right of way by condemnation. In § 16, Art. 1 of our constitution, we read:

"Private property shall not be taken for private use, except for private ways of necessity, and for drains, flumes, or ditches on or across the lands of others for agricultural, domestic, or sanitary purposes . . ."

Our water code, Rem. Comp. Stat., § 7354 [P. C. § 7206], reads in part as follows:

"The beneficial use of water is hereby declared to be a public use, and any person may exercise the right of eminent domain to acquire any property or rights now or hereafter existing when found necessary for the storage of water for, or the application of water to, any beneficial use, . . ."

Our decisions in *State ex rel. Galbraith v. Superior Court,* 59 Wash. 621, 110 Pac. 429, 140 Am. St. 893, and *State ex rel. Andersen v. Superior Court,* 119 Wash. 406, 205 Pac. 1051, are, in effect, holdings that the enactment of this eminent domain statutory provision is a valid exercise of legislative power, as to the eminent domain right here claimed.

[2]    Contention is made in behalf of relators that the evidence shows that the lands sought to be served with the water to be conveyed along this proposed right of way, are not capable of being substantially aided in an agricultural sense by irrigation, because of the poor quality of their soil. The evidence, we think, is such as warranted the trial court in concluding to the contrary of this contention. This conclusion of the trial court has additional support in the granting of the permit by the supervisor of hydraulics for irrigation of these lands. The advantageous use of the water on the lands for domestic purposes clearly appears.

[3]    Some contention is made, rested upon the theory that the Sequim Hunting Club, a lessee of a portion of the lands, does not possess the right of eminent do-

main; this by reason of the purposes for which the club was incorporated, as disclosed by its articles of incorporation. This, we think, is of no consequence here, in view of the fact that its interest in the lands is subordinate to the ownerships of Burrowes and De-Zemed; and since their ownerships are sufficient to support their right of condemnation, we think it is of no moment here as to whether or not the hunting club possesses any such right, in view of the fact that their water right and claimed condemnation right here sought to be exercised, go no farther than the right to use the water upon their lots one and three.

We conclude that the adjudication of public use and necessity rendered by the superior court must be affirmed. It is so ordered.

MACKINTOSH, C. J., and FRENCH, J., concur.