# CHARLESTON.

SHEPHERDSTOWN LIGHT & WATER COMPANY *v.* VIRGINIA LUCAS *et al.*

(Nos. 6381 and 6381-A)

Submitted April 9, 1929.     Decided May 29, 1929.
(Rehearing Denied July 17, 1929).

*George M. Beltzhoover, Jr.,* for plaintiff in error.

*Brown & Brown* and *Martin & Seibert,* for defendant in error.

LITZ, JUDGE:

The defendant, Virginia Lucas, complains of the judgment of the circuit court of Jefferson county, in each of these proceedings, condemning rights of way one hundred feet in width over certain lands in said county in which she owns a life estate, on the petition of the applicant Shepherdstown Light & Water Company, for the erection and maintenance by it of an electric transmission line.

The Shepherdstown Light & Water Company is a domestic corporation, chartered and organized in the year 1916, with authority, among other powers, "to carry on business of an

electric light company in all of its branches and in particular to construct power plants or buildings for the generation of electrical current, and to lay down, establish, fix and carry out all necessary cables, wires, lines accumulators, lamps and works, and to generate, accumulate, distribute and supply electricity either generated by the company or purchased from other sources, and to light cities, towns, streets, public places, public or private buildings, factories, mines, railways and other places or things of every kind or description by means of electricity or to enable the same so to be lighted. To carry on the business of electricians, mechanical engineers, distributors of electricity for the purposes of light, heat and motive power or otherwise, and to manufacture, buy, sell, and generally deal in all manner of appliances and things required for or capable of being used in connection with the generation, distribution, accumulation and employment of electricity.'' It is and has been, since its organization, engaged in furnishing the citizens of Shepherdstown, Jefferson county, with water and electricity purchased by it from the Potomac Light & Power Company. The proposed line is seventeen miles long and extends from a point on the Potomac River in Jefferson county by Shepherdstown to a point in said county near Millville. Its purpose is the transmission of steam generated electricity produced by the Potomac Edison Power Company at Williamsport, Maryland, and sold by it to the Shepherdstown Light & Water Company. A part of the current will be delivered by the applicant to its own customers and the surplus sold by it to the Northern Virginia Power Company to supply its patrons. The Potomac Light & Power Company operates two hydro-electric plants on the Potomac River in Jefferson county, each of which produces, according to existing water conditions, from nothing to 2000 kilowatts. The Northern Virginia Power Company is a Virginia corporation, engaged in producing and selling electricity to the public in this state. It owns and operates an obsolete steam plant at Millville, which it contemplates dismantling, of a generating capacity of from 4000 to 9000 kilowatts, and a hydro-electric plant in Jefferson county producing from 200 to 2000 kilowatts. The needs of its customers require

about 13000 kilowatts. The Potomac Edison Power Company is a Maryland corporation. It has never qualified to do business in this state. Its steam plant at Williamsport is modern and capable of generating 45000 kilowatts.

The land owner resists the right of the applicant to condemn mainly on the grounds, (1) that it is not authorized under its charter to exercise the right of eminent domain; (2) that the Potomac Edison Power Company, by reason of its ownership of the controlling stock in the Potomac Light & Power Company, the Northern Virginia Power Company and the Shepherdstown Light & Water Company, is interested in the establishment of the proposed transmission line; and (3) that the line will be used for the transmission of hydro-electric power.

The first ground is without merit because the applicant is expressly empowered under its charter to establish transmission lines, and chapter 42 of the Code authorizes the condemnation of property for that purpose. The second, based upon the non-residence of the Potomac Edison Power Company which, it is alleged, will be benefited by the establishment of the proposed line, is also without foundation. It is not prerequisite to the exercise of the right of a public service corporation to condemn property that its stockholders be invested with such right.

The defendant contends that because the proposed line will connect at Millville with the system of the Northern Virginia Power Company, which produces some hydro-electricity, its use for the transmission of hydro-electric power is possible; and for that reason the applicant is deprived of the right to condemn by the water power act, chapter 54-b, Code, which requires hydro-electric companies to obtain a permit from the public service commission before exercising such right. According to the evidence for applicant and the finding of the trial court, the line in question, is to be established for the sole purpose of conveying steam produced electricity from the plants of the Potomac Edison Power Company in Maryland. The argument here advanced was presented in *Monongahela West Penn Public Service Co.* v. *C. F. Cunningham Co.*, 98 W. Va. 130. One terminus of the proposed transmission line

in that case was within a mile of a partially constructed hydroelectric plant owned by a parent company. It was there said in answer to the proposition here raised: ''An additional transmission line being required properly to serve the public with steam-produced electricity, why should the right to condemn an easement for the construction and maintenance of such line be denied merely because at some future time it may be used to carry hydro-electric power? It is presumed that the requirements of the water power act will be observed in the development of water power in the State for the generation of electricity. Moreover, if the Act is valid, the State can compel its observance. The applicant is seeking to condemn the easement for a present legitimate public purpose.''

That the proposed line is not necessary to serve the present customers of the applicant is also presented as a reason for denying to it the right of eminent domain. There is no rule of law or public policy preventing a public service corporation from increasing its service to the public.

The fact that a part of the current to be transmitted over the proposed line will be used by the Northern Virginia Power Company to supply its consumers does not render the establishment of the line any the less a public purpose. In *Brook Electric Co.* v. *Beale,* 96 W. Va. 637, an electric power company was permitted to condemn the right of way for a transmission line from a point in West Virginia near Pennsylvania into the latter state, notwithstanding the main purpose of the line to convey electricity from this state into Pennsylvania. In *Nichols* v. *Central Virginia Power Co.,* 143 Va. 405, 130 S. E. 764, it was held that the furnishing of electric power by a duly incorporated company, without reservation of private benefit, to a public service corporation, which in turn furnishes the power to the public, is a public use, in the furtherance of which the former corporation may exercise the right of eminent domain. In *State ex rel. Domineck* v. *Superior Court,* 5 Wash. 196, 100 Pac. 317, 21 L. R. A. (N. S.) 448, the court said: ''Does the fact that the respondent will sell and deliver a portion of its electrical power to third persons and corporations to be by them used for public and municipal light, and in the operation of railroads or railways,

afford a sufficient reason for denying to it the right of eminent domain? We think not. Courts look to the substance rather than to the form, to the end rather than to the means. If in the end the property is devoted to public use, the mere agency or instrumentality through which that result is accomplished is a matter of no concern."

No valid reason being urged by the appellant or perceived by this Court for reversal, the judgments complained of are affirmed.

*Affirmed.*